IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BORIS MALLAYEV, MOSHE ISHAKOV,
NELLY ISHAKOV, ESTER TZEGAEGBE,
MIKHAIL MALLAYEV, AND SAGDIANA,
LLC,

        Plaintiffs,

v.

SHALOM S. COHEN,

        Defendant,
        Counterclaimant, and
        Third-Party
        Plaintiff,

v.

ALFRED F. SKIBA; AND A.F.S.
GROUP, LTD.,

        Third-Party
        Defendants.

CIVIL ACTION NO.

1:07-CV-0094

### ORDER and OPINION

This case is presently before the Court on third-party defendants Alfred F. Skiba and A.F.S. Group, Ltd.'s Motion to Set Aside Default [149]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that third-party defendants Alfred F. Skiba and A.F.S. Group, Ltd.'s Motion to Set Aside Default [149] is **GRANTED**.

**BACKGROUND**

Plaintiffs are five individuals[1] and one corporate entity, Sagdiana, LLC. (*See* Compl., attached as Ex. 1 to Notice of Removal [1].) Defendant and third party plaintiff Shalom Cohen ("Cohen") had originally filed, and then dismissed, an action against plaintiffs in the Eastern District of New York. (*Id.* at ¶¶ 6-13.) As a result, plaintiffs then filed an action against Cohen in DeKalb County, Georgia Superior Court, seeking a declaratory judgment that Cohen had abandoned any right to arbitration and that he had no ownership interest in Sagdiana, LLC. (*See generally id.*)

Cohen thereafter removed the action to this Court and filed a laundry list of counterclaims against plaintiffs, including fraud, conspiracy to defraud, negligent misrepresentation, misappropriation and conversion, breach of contract, rescission of contract, piercing the corporate veil, fraudulent transfer, constructive trust, equitable lien, equitable accounting, unjust enrichment, attorneys' fees, punitive damages, and preliminary and permanent injunction.[2]

---

[1] The individuals are Boris Mallayev, Mikhail Mallayev, Ester Tzegaegbe ("the Mallayev plaintiffs"), and Moshe Ishakov and Nelly Ishakov ("the Ishakov plaintiffs"). The Court notes that "Ishakov" has been spelled differently throughout the case, but the Court uses the spelling plaintiffs used in the Complaint. (*See* Compl., attached as Ex. 1 to Notice of Removal [1].)

[2] He alleged breach of guaranty against plaintiff Mikhail Mallayev. (*See* Answer and Third-Party Compl. [4].)

Cohen also alleged most of these same claims[3] against third-party defendants Village Concepts, LLC, Village Concepts Gwinnett, LLC, and Marakanda Construction Company, Inc., as well as against Charles Pollack and his law firm.  (*See* Notice of Removal [1]; Answer and Third-Party Compl. [4].)

Early in the litigation, the plaintiffs apparently lost interest in prosecuting or defending the action, as their counsel withdrew and they did not retain new counsel.[4]  (*See* June 22, 2007 Order [47].)

---

[3]    He alleged all the claims listed above, except unjust enrichment, breach of contract, and rescission of contract.  (*See generally* Answer and Third-Party Compl. [4].)  As to third-party defendants Marakanda Construction Company, Inc., Village Concepts, LLC, and Village Concepts Gwinnett, LLC., he sought to pierce the corporate veil, reverse a fraudulent transfer, create a constructive trust and equitable lien, and have the Court issue an order directing equitable accounting, as well as a preliminary and permanent injunction.  (*Id.*)

[4]    It would appear that plaintiff Mikhail Mallayev was occupied with more pressing business during the pendency of this litigation. According to counsel for Cohen, "[u]pon information and belief, Boris [sic] Mallayev was convicted of first degree murder in New York State.  It is my information that Boris Mallayev is serving a life sentence ...for the murder for which he was convicted." (Aff. of Richard Decker [148-1 at ¶ 5].

The Court is unsure whether counsel has named the correct Mallayev.  According to the New York Post, a Mikhail Mallayev was convicted in New York for the murder of Daniel Malakov in October 2007, having been hired as a hit man to kill Mr. Malakov, and he is now serving a term of life imprisonment.  William J. Gorta, *Wife Gets Life for Hubby's Slay*, New York Post, Apr. 21, 2009, http://www.nypost.com.

Indeed, in his Declaration [149-2], third-party defendant Alfred Skiba has likewise indicated that Cohen has ascribed this murder

3

Discovery has been extended multiple times. (*See, e.g.*, Jan. 28, 2008 Order [94]; Mar. 31, 2008 Order [115].) Only one party, Pollack and his law firm, filed a dispositive motion at the conclusion of discovery. (*See* Mot. for Summ. J. [124].) On March 27, 2009, the Court granted summary judgment to Pollack and his law firm, and they were dismissed from the action. (*See* Mar. 27, 2009 Order [140].)

In its March 27, 2009 Order, the Court also granted Cohen's motion to file an amended third-party complaint against individuals whose involvement he claimed to have learned through discovery. (*Id.*) The Court directed him to serve those defendants within thirty days, directed those parties to file a timely answer, and permitted a 45-day period of discovery. (*Id.*) Cohen filed a waiver of service[5] on May 13, 2009 and an Amended Complaint on May 20, 2009 against the new third-party defendants, Alfred F. Skiba ("Skiba") and his company, A.F.S. Group, Ltd. (*See* Notice of Filing Waiver of Service of Summons to Third-Party Complaint [141]; Am. Third-Party Compl. [143].)

---

conviction to the wrong Mallayev. Skiba indicates his understanding that "in the Fall of 2007...Mikhail Mallayev (not his son, Boris) was arrested for and convicted of murder in New York and is today serving a life sentence without possibility of parole." *Id.* at ¶ 14.

[5] Skiba and A.F.S. Group, Ltd. signed Waivers of Service on May 6, 2009. (Skiba Decl. [149-2] at ¶ 17.)

4

Nothing substantive has happened in the case since Cohen filed the Amended Third-Party Complaint [143]. Skiba and A.F.S. Group never filed an answer, but Cohen likewise never sought an entry of default as to these third-party defendants.[6] Therefore, on January 11, 2010, the Court issued an Order to Show Cause [145] to determine whether the parties wanted to pursue the case.[7] (Jan. 11, 2010 Order [145].) Third-party defendants Skiba and A.F.S. LLC, Ltd. filed a Motion to Set Aside Default [149], and Cohen filed a Response [151]. This motion is now before the Court.

## DISCUSSION

I. **Responses to Order to Show Cause**

The following parties filed a response to the Court's Order to Show Cause [148]: the Ishakov plaintiffs and third-party defendants Village Concepts Gwinnett, LLC; Skiba; and A.F.S. Group, Ltd. [150].[8]

---

[6] Cohen's attorney, Richard P. Decker ("Decker"), filed an affidavit [148-1] stating that he had been "substantially away from the practice of law" from August 2009 to January 2010 because of the illnesses and deaths of his sister and mother. (Decker Aff. [148-1] at ¶¶ 2-5.)

[7] Local Rule 41.3(A)(3) permits the Court to dismiss a civil action for want of prosecution if: "A case has been pending in this court for more than six (6) months without any substantial proceedings of record, as shown by the record docket or other manner, having been taken in the case." LR 41.3(A)(3), NDGa.

[8] Third-party defendants Pollack and his law firm, who had already been dismissed from the case, filed a Response to Order to Show Cause [146] stating that they had no objection to an order dismissing the remaining claims and stated that they would file a Bill of Costs when the Court entered a final order of dismissal. (*See* Resp. to Order to Show Cause [146] at ¶ 5.)

5

The Ishakov plaintiffs stated that they were named as plaintiffs through the actions of their cousin, Mikhail Mallayev, and that they did not have adequate evidence against Cohen and planned to dismiss their complaint without prejudice. (Resp. to Order to Show Cause [150] at ¶ 1.) Cohen stated in his Response to Order to Show Cause that he would likewise dismiss without prejudice his counterclaims against them. (Resp. to Order to Show Cause [148] at ¶ 3.) The Court hereby **DISMISSES** the Ishakov plaintiffs from the case, both as to claims they have filed and as to counterclaims filed against them.

Third-party defendants Village Concepts Gwinnett, LLC; Skiba; and A.F.S. Group, Ltd. stated that once the Court ruled on the Motion to Set Aside Default [149], the remaining parties could submit the consolidated pretrial order.[9] (Resp. to Order to Show Cause [150] at ¶ 6.) Cohen has indicated, however, that a pretrial order would not be necessary, as he believes that he can make an unopposed case for a final monetary judgment against the Mallayev plaintiffs; Sagdiana, LLC; Ester Tzegaegbe; Village Concepts, LLC; Alfred F. Skiba; and A.F.S. Group, Ltd., based on the testimony of him, his wife, and their documents. (Resp. to Order to Show Cause [148] at ¶ 5.)

---

[9] The Ishakov plaintiffs' Response to Order to Show Cause [150] also noted that Village Concepts Gwinnett, LLC is currently a debtor in a Chapter 11 case that has been stayed. (Resp. to Order to Show Cause [150] at ¶ 4.) Cohen confirmed that the instant case is stayed with respect to that party. (Resp. to Order to Show Cause [148] at ¶ 4.)

6

Finally, the Mallayev plaintiffs did not file a response to the Order to Show Cause, nor did the corporate plaintiff, Sagdiana, LLC. Accordingly, the above defendants have failed to follow a court order and have failed to prosecute their case, and the Court **dismisses any claims by these plaintiffs** on that ground.  *See* Local Rule 41.3(A)(3), NDGa (authority to dismiss a case when a plaintiff has failed to prosecute it or refuses to obey a lawful order of the court).[10]  Accordingly, **the Clerk shall terminate the above parties as plaintiffs in this case**, although they may remain as third-party defendants, if so named.

II.  **Motion to Set Aside Default [149]**

   A.   **Standard for Setting Aside Default**

Federal Rule of Civil Procedure 55© provides that "[t]he [C]ourt may set aside an entry of default for good cause."  FED. R. CIV. P. 55©.  This is a less rigorous standard than the excusable neglect standard courts apply when setting aside a default judgment. *Equal Employment Opportunity Comm'n v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 528 (11th Cir. 1990).  The defendant bears the burden of establishing good cause to set aside an entry of default.  *See Insituform Techs., Inc. v. AMerik Supplies, Inc.*, 588 F. Supp. 2d

---

[10] An additional ground exists to dismiss plaintiff Sagdiana, LLC.  On June 22, 2007, after the withdrawal of plaintiff's counsel, this Court issued an Order informing the plaintiff that corporations could not proceed pro se and directing the plaintiff to have an attorney make an appearance within twenty days.  Plaintiff Sagdiana never complied.

7

1349, 1352 (N.D. Ga. 2008) (Batten, J.). A determination whether to set aside a default is in the court's discretion. *Robinson v. United States*, 734 F.2d 735, 739 (11th Cir. 1984).

"Good cause" is a "liberal" and "mutable" standard and is not subject to a precise formula, but it is "not so elastic as to be devoid of substance." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (citation and internal quotation marks omitted). A court can consider: (1) whether the default was culpable or willful, (2) whether setting the entry of default aside would prejudice the adversary, (3) whether the defaulting party presents a meritorious defense, (4) whether the public interest has been implicated, (5) whether the entry of default would cause significant financial loss to the defaulting party, and (6) whether the defaulting party acted promptly to correct the default. *Insituform Techs., Inc.*, 588 F. Supp. 2d at 1352. *See Varnes v. Local 91, Glass Bottle Blowers Ass'n of U.S. and Can.*, 674 F.2d 1365, 1368-71 (11th Cir. 1982) (setting aside entry of default when service of process was insufficient); *cf. Compania*, 88 F.3d at 951-52 (finding that a district court need not consider any other factors if the party "willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings"; for example, if a party has been given multiple opportunities to comply with court orders, but has failed to do so).

8

The Eleventh Circuit has stated that a court's overriding concern is the strong public policy in favor of determining cases on their merits, rather than on the basis of a default. *See Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993); *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003) (stating that the Federal Rules of Civil Procedure have a "strong policy of determining cases on the merits" and that defaults are disfavored).

B. **Analysis**

The involvement of Skiba and A.F.S. Group, Ltd. In this litigation is as follows.  Cohen took the deposition of Skiba on March 25, 2008 (*see* Skiba Dep. [110]) and then filed a Motion for Leave to File Amended Third-Party Complaint to add Skiba and A.F.S. Group, Ltd. as third-party defendants.  (Mot. for Leave to File Amended Third-Party Compl. [119].)  Neither Skiba nor A.F.S. Group, Ltd. was served with the motion, however, so neither filed a response, although Skiba indicated he would have responded, had he been aware of the motion.  (Skiba Decl. [149-2] at ¶¶ 11-14; 21-24.)  After the Court granted this seemingly unopposed motion (Mar. 27, 2009 Order [140]), Skiba and A.F.S. Group, Ltd., who were not represented by counsel, remained unaware of the claim against them until they were asked to execute the Waivers of Service, which they did on May 6, 2009.  (Skiba Decl. [149-2] at ¶ 17.)

9

Skiba states that he then forgot about signing the waivers and was unable to attend to the litigation matters because of serious family illnesses occurring at that time.[11] (*See generally* Skiba Decl. [149-2] at ¶¶ 17, 19.) He stated that "[f]rom May, 2009 forward, [he] ha[d] been so concerned about [his] children that [he] neglected almost everything else; [he] did not deal with [his] business affairs, and [he] did not respond to the third[-]party complaint against [t]he [A.F.S.] Group, Ltd. and [him]." (*Id.* at ¶ 20.) He noted that it was normally "not [his] practice to be so careless; rather; it is [his] practice under such circumstances to immediately contact and retain counsel to represent [him and his company] in these types of matters," but the "extenuating personal hardships and circumstances contributed to these oversights." (*Id.*) Moreover, after signing the waivers, Skiba received nothing relating to the case until he received a call from his attorney about another matter, and his attorney asked him what he was going to do about the Court's Order to Show Cause [148].

Cohen offers no persuasive reason why the Court should not set aside the default, other than to note that the case is old. *See*

---

[11] Skiba was "substantially away" from his business from May 2009 to February 2010 while he dealt with life-threatening illnesses for two of his sons. (Skiba Decl. [149-2] at ¶¶ 2-7.) In April 2009, his son had a debilitating brain stem stroke that required constant care and therapy over an eighteen-month period. (*Id.* at ¶ 3.) In June 2008, another of his sons required emergency major stomach surgery for a rare virus, and this son had to have several additional surgeries. (*Id.* at ¶¶ 4-6.)

10

*generally* Resp. to Motion to Set Aside Default [151]. Further, Cohen's own prosecution of his case has been quite listless, and his attorney indicates that he did not prosecute the case over these same months because of his own family members' illnesses. (*See generally* Decker Aff. [148-1].)

The Court concludes that Skiba's default was not willful, and that Skiba and A.F.S. Group, Ltd. have potentially meritorious defenses against Cohen.[12] *Insituform Techs., Inc.*, 588 F. Supp. 2d at 1352. Specifically, Skiba states that he met Mikhail and Boris Mallayev, but had no interest in their real estate projects, and that he met with Cohen once in February 2006 about a project, but Cohen told Skiba that he had no money to invest. (Skiba Decl. [149-2] at ¶ 11.) Cohen had already completely funded his investment with Mikhail Mallayev at that time. (*Id.*) Skiba heard nothing else from Cohen until he was named as a third-party defendant in this action. (*Id.* at ¶ 13.) Therefore, if Skiba and A.F.S. Group, Ltd. had no dealings with Cohen until after the loan was funded, it is difficult to understand how they could have any liability to Cohen on these facts.

Thus, the Court finds, in its discretion, that third-party defendants have met their burden to show good cause. *Robinson*, 734 F.2d at 739. This ruling is also consistent with the Eleventh

---

[12] The Court also concludes that setting aside the entry of default will not prejudice Cohen. *Insituform Techs., Inc.*, 588 F. Supp. 2d at 1352.

11

Circuit's preference for determining cases on their merits, rather than on the basis of default. *Fla. Physician's Ins.*, 8 F.3d at 783.

### III. Further Pretrial Proceedings

Though the Court sets aside the default, it notes that Skiba's non-appearance, combined with Cohen's inertia, has now resulted in even more delay in this case. Accordingly, the pretrial proceedings regarding Skiba and A.F.S. Group, Ltd. will be greatly truncated.

Skiba and A.F.S. Group, Ltd. will receive a twenty-one (21)-day period to answer from the date of this Order. Discovery will begin on the thirty-first (31st) day and last for forty-five (45) days. No motions to dismiss will be permitted to be filed and further delay the case. Instead, Skiba and A.F.S. Group, Ltd. will be permitted to file a motion for summary judgment within twenty (20) days of the close of discovery. The Court will also be greatly disinclined to extend discovery.

The Court encourages Skiba and Cohen to confer to determine if they can negotiate a resolution of this case, as Skiba's declaration suggests no involvement in the fraud at issue, and Cohen is already subject to a potential bill of costs by other litigants whom he has improvidently sued. *See infra*.

As to the other parties against whom Cohen has asserted claims, Cohen has indicated that there is no need for a pretrial order because he expects to be able "to make out an unopposed case for a final monetary judgment" against them, "based upon the testimony of

12

Cohen and his wife and their documents. (Resp. to Order to Show Cause [148] at ¶ 5.) Absent stronger assurances than the above, the Court will ultimately require a pretrial order.

### IV. Motion for Judgment by the Pollack Defendants

The Pollack defendants have recently filed a motion for final judgment. ([152].) These defendants note that the Court has previously granted summary judgment to them and that the issues involving them are largely unrelated to the issues involving the remaining parties in the litigation. Citing FED. R. CIV. P. 54(b), the Pollack defendants argue that there is no just reason for delay.

Third-party plaintiff Cohen has not responded to this motion and, accordingly, the Court will **GRANT** it as unopposed. The Pollack defendants shall file their Bill of Costs **within thirty (30) days**. Any opposition by Cohen to these costs shall be filed within thirty (30) days thereafter.

### CONCLUSION

The Court **GRANTS** third-party defendants Alfred F. Skiba and A.F.S. Group, Ltd.'s Motion to Set Aside Default [149]. The Clerk is directed to **SET ASIDE DEFAULT** against Skiba and A.F.S. Group, Ltd.

The Skiba defendants will receive a **twenty-one (21) day** period to answer. Discovery will begin on the twenty-second (22nd) day after this Order, and will last for **forty-five (45)** days. No motions to dismiss will be permitted. Instead, Skiba and A.F.S. Group, Ltd. will be permitted to file a motion for summary judgment **within**

13

**twenty-one (21) days** after of the close of discovery.

The Court **DISMISSES** the claims of Moshe Ishakov and Nelly Ishakov as plaintiffs in the case, as well as any counterclaims against them. The Clerk shall terminate them as parties. The Court **DISMISSES** the claims of the Mallayev plaintiffs and of Sagdiana, LLC. In short, all plaintiffs' claims have now been dismissed.

The remaining parties are third-party defendants Boris Mallayev, Mikhail Mallayev, Ester Tzegaegbe, and Sagdiana, LLC;[13] third party plaintiff Shalom S. Cohen; and third-party defendants A.F.S. Group, Ltd. and Alfred F. Skiba.[14]

Finally, the Court **GRANTS** the Pollack defendants' Motion for Final Judgment [152]. They shall submit a bill of costs within thirty (30) days.

SO ORDERED, this 24 day of September, 2010.

_____
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[13] As Sagdiana, LLC has failed to have an attorney make an appearance, it is subject to an entry of default, should Cohen seek to pursue that.

[14] The case is stayed against third-party defendant Village Concepts Gwinnett, LLC, as a result of the latter's bankruptcy.

14